PENNYPACKER v. THOMAS R. LEVIS & CO.

(Supreme Court, Special Term, Erie County. May, 1909.)

CORPORATIONS (§ 513*)—NOTE—ACTIONS—PLEADING—ORDER DIRECTING ISSUES TO BE TRIED.

Under Code Civ. Proc. § 1778, providing that in an action against a corporation on a note, unless defendant serves with a copy of his answer a copy of an order of a judge directing that the issues be tried, plaintiff may take judgment as on default, where no issue was made by the answer, but the liability on the note was admitted and an alleged counterclaim set up, so that no issue could be joined until there should be a reply to the counterclaim, the service with the answer of a copy of an order directing the issues to be tried was not necessary.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 513.*]

Action by William G. Pennypacker, Jr., against Thomas R. Levis & Co. Judgment for plaintiff. Motion to vacate judgment. Motion granted.

Carnahan, Adams, Jameson & Pierce, for the motion.
William H. Daniels, opposed.

WHEELER, J. The plaintiff sued the defendant upon a certain promissory note made and executed by it to secure the payment of $500. The defendant answered. In its answer the defendant denies none of the allegations of the complaint, but sets up by way of counterclaim a cause of action growing out of an alleged breach of contract by the plaintiff to deliver at a specified point a certain quantity of cooperage stock. The answer was served within time, but was not accompanied by an order directing the issues to be tried, as provided by section 1778 of the Code of Civil Procedure. Therefore the plaintiff's attorney entered judgment against the defendant "as in case of default." Motion is now made to set aside the judgment so entered.

We think the motion should be granted, for the reason that no order directing the issues to be tried was necessary in this case. No issue has in fact been made by the answer in this case. The making and liability on the note is admitted, but by way of offset the defendant sets up an alleged counterclaim. No proper issue can be said to be joined until the plaintiff replies to the counterclaim. It was the manifest purpose and intent of the section in question that, when an answer is interposed to a note made by a corporation in which the note itself is involved and defended, a judge shall look into the issues tendered sufficiently to determine whether the issue has sufficient merit to entitle it to be tried. No such question is presented in this case.

We therefore are of the opinion that the judgment was improperly entered, and must be vacated. So ordered, without costs.